IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00970-PAB-MEH

GORSUCH, LTD., a Colorado corporation,
GORSUCH LTD., B.C., a Colorado corporation,
GORSUCH, LIMITED AT ASPEN, a Colorado corporation,
GORSUCH, LIMITED AT KEYSTONE MOUNTAIN, a Colorado corporation, and
GORSUCH COOPER, LLC, a Colorado limited liability company,

    Plaintiffs,
v.

WELLS FARGO NATIONAL BANK ASSOCIATION,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Motion to Dismiss Plaintiffs' Second Claim for Relief as Amended Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 14] and the Motion to Compel Arbitration as to Amended Claims Asserted by Plaintiff Gorsuch, Ltd. and to Stay Further Proceedings as to Such Claims [Docket No. 15] filed by defendant Wells Fargo National Bank Association ("Wells Fargo"). The Court exercises jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The motions are fully briefed and ripe for disposition.

**I. BACKGROUND**

The following facts are drawn from plaintiffs' complaint [Docket No. 9], *see Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff"), as well as "any documents attached as exhibits to

the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The plaintiffs in this case consist of Gorsuch, Ltd. ("Gorsuch"), as well as Gorsuch, Ltd. B.C.; Gorsuch, Limited at Aspen; Gorsuch Limited at Keystone Mountain (collectively, the "Gorsuch Affiliates"); and Gorsuch Cooper, LLC. In 1966, Gorsuch opened a retail store in Vail, Colorado "focused on high quality apparel, ski wear, ski equipment, and fine home furnishings." Docket No. 9 at 2, ¶ 13. Over the ensuing years, the business grew, with additional stores being opened in Beaver Creek, Aspen, and Keystone, Colorado, which were run by Gorsuch, Ltd. B.C., Gorsuch, Limited at Aspen, and Gorsuch, Limited at Keystone Mountain. Gorsuch has also acquired real estate over the years, including a property in Aspen, Colorado now owned by Gorsuch Cooper, LLC.

During the growth of its business, Gorsuch has maintained a revolving line of credit with United Bank of Denver and its successors Norwest Bank and defendant Wells Fargo National Bank Association ("Wells Fargo"). Of particular relevance here, Gorsuch entered into an October 31, 2008 Credit Agreement with Wells Fargo by which it had access to a $14,000,000.00 line of credit to "finance [Gorsuch's] working capital requirements." *See* Docket No. 9 at 6, ¶ 49; *see also* Docket No. 9-3 at 2, § 1.1(a). "[T]he credit provided by Wells Fargo was for the benefit of Gorsuch, Ltd. and the Gorsuch Affiliates, not just Gorsuch, Ltd. alone." Docket No. 9 at 6, ¶ 48.

In its first claim for relief, Gorsuch contends that, on January 23, 2009, defendant terminated this line of credit in violation of the Credit Agreement. In plaintiffs' second

claim for relief, the Gorsuch Affiliates and Gorsuch Cooper seek to recover from defendant as third party beneficiaries of the October 2008 Credit Agreement.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. DISCUSSION

### A. Motion to Dismiss Third Party Claim

Defendant seeks dismissal of plaintiffs' second claim for relief on the grounds that the October 2008 Credit Agreement excludes third parties from enforcing its provisions. In the alternative, defendant argues that, if the Gorsuch Affiliates and Gorsuch Cooper can enforce the terms of the Credit Agreement, they are subject to the arbitration provision in the Credit Agreement.[1] For the following reasons, the Court finds that plaintiffs' second claim for relief must be dismissed for failure to state a claim. Therefore, the Court will not reach defendant's alternative argument.

The October 2008 Credit Agreement was entered into between two parties, Gorsuch, Ltd. and Wells Fargo. *See* Docket No. 9-3 at 2, 17.[2] Under Colorado law,

---

[1] Neither party argues that an arbitrator should resolve the question of whether the Gorsuch Affiliates and Gorsuch Cooper may enforce the provisions of the October 2008 Credit Agreement. *Cf. Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) ("'[T]he question of arbitrability — whether a [contract] creates a duty for the parties to arbitrate the particular grievance — is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.'") (quoting *AT&T Technologies v. Communications Workers*, 475 U.S. 643, 649 (1986)).

[2] The Gorsuch Affiliates and Gorsuch Cooper signed the Agreement as guarantors. *See* Docket No. 9-3 at 17.

"'[t]he general rule is that one who is not a party to a contract, and from whom no consideration moved, has no connection therewith. He can avail himself of its terms neither as a cause of action nor a defense.'" *East Meadows Co., LLC v. Greeley Irr. Co.*, 66 P.3d 214, 217 (Colo. App. 2003) (quoting *Continental Casualty Co. v. Carver*, 14 P.2d 181, 183 (Colo. 1932)).[3] "However, a person who is not a party to an agreement may enforce a contractual obligation if the promise to be enforced is expressly stated in the contract, or is apparent from the agreement and surrounding circumstances, and the benefit conferred is direct and not incidental." *Id.*

Plaintiffs allege that the "Gorsuch Affiliates and Gorsuch Cooper, LLC are third party beneficiaries of the contract between Gorsuch, Ltd. and Wells Fargo," Docket No. 9 at 21, ¶ 145, and, therefore, are entitled to enforce its provisions. As noted above, however, § 7.6 of the Agreement is entitled "NO THIRD PARTY BENEFICIARIES" and states that the Agreement is "entered into for the sole protection and benefit of the parties hereto and their respective permitted successors and assigns, and no other person or entity shall be a third party beneficiary of, or have any direct or indirect cause of action or claim in connection with, this Agreement or any other of the Loan Documents to which it is not a party." Docket No. 9-3 at 15, § 7.6. Plaintiffs identify no other aspect of the Agreement that would render this provision inapplicable or ambiguous. *See Concrete Contractors, Inc. v. E.B. Roberts Construction Co.*, 664 P.2d

---

[3]The parties agree that Colorado law should apply. *See Peck v. Horrocks Engineers, Inc.*, 106 F.3d 949, 952 (10th Cir. 1997) ("Jurisdiction of this case arose in the district court under 28 U.S.C. § 1332(a)(1) diversity jurisdiction; accordingly, we must apply state law to the substantive issues of this appeal.") (citations omitted); *see also* Docket No. 9-3 at 15, § 7.10 ("This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado.").

722, 725 (Colo. App.1982) ("The key question is the intent of the parties to the actual contract to confer a benefit on a third party. That intent must appear from the contract itself or be shown by necessary implication. It is a question of fact to be determined by the terms of the contract taken as a whole, construed in the light of the circumstances under which it was made and the apparent purpose the parties were trying to accomplish.").

Plaintiffs' attempts to avoid the clear language of this provision are unavailing. In response to defendant's motion, they argue that the circumstances surrounding the formation of the Credit Agreement reflect that defendant intended the line of credit to "be for the use and benefit of all of the Gorsuch [b]usinesses." Docket No. 20 at 10-11. While plaintiffs allege that Wells Fargo intended to directly benefit the third parties, the contractual provision excluding third parties contradicts that allegation. In resolving a motion to dismiss, it has long been held that allegations do not overcome contradictory facts in attached written instruments. *See Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."); *see also Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 (7th Cir. 2004) ("[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint."); 5A Wright & Miller, *Federal Practice and Procedure: Civil* § 1327 (3d ed. 2011) ("It appears to be well settled that when a disparity exists between the written instrument annexed to the pleadings and the allegations in the pleadings, the terms of the written instrument will control, particularly

when it is the instrument being relied upon by the party who made it an exhibit."); *cf.* Fed. R. Civ. P. 10(c).[4]

It is true that "the circumstances surrounding the execution or performance of a contract can be sufficient alone, if substantial, to establish the existence of an intended beneficiary to the contract and the nature of the promise that the beneficiary can enforce." *E.B. Roberts Const. Co. v. Concrete Contractors, Inc.*, 704 P.2d 859, 865 n.7 (Colo. 1985). In so finding, however, the Colorado Supreme Court quoted section 302(b) of the Restatement (Second) of Contracts, which provides that "'a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . [t]he circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'" *Id.* The Restatement made clear that such was the case "'[u]nless otherwise agreed between promisor and promisee.'" *Id.* Here, as discussed above, the parties expressly stated their intent by inclusion of § 7.6 in the Agreement. *Cf. Ohio Sav. Bank v. Manhattan Mortg. Co., Inc.*, 455 F. Supp. 2d 247, 251-52

---

[4]Plaintiffs argue that agreements entered into between Gorsuch Affiliates and defendant provide a basis to conclude that the Affiliates can enforce the provisions of the October 2008 Credit Agreement. *See* Docket No. 20 at 12-15. The agreements they attach to their response, however, only emphasize that the Affiliates are third parties to the Credit Agreement who, in exchange for receiving some benefit from the extension of credit to Gorsuch, have agreed to offer security in support of the guaranties. *See, e.g.*, Docket No. 20-1 at 2 ("Corporate Resolution: Third Party Collateral"); Docket No. 20-1 at 4 ("Third Party Security Agreement, Rights to Payment and Inventory"). None of these agreements evince any intent by Wells Fargo and Gorsuch, Ltd. to confer direct benefits on any third party. *See Concrete Contractors*, 664 P.2d at 725 (third party may only enforce contractual obligation if "benefit conferred is direct and not incidental") (quoting *Borwick v. Bober*, 529 P.2d 1351, 1355 (Colo. App. 1974)).

(S.D.N.Y. 2006) ("Clear contractual language that excludes third parties from asserting rights under the terms of a contract ends any analysis of the third party beneficiary issue, and prevents the court from considering parol evidence of intent."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 395 F. Supp. 2d 183, 191-92 (M.D. Pa. 2005) (noting that "other courts have also concluded that a third party cannot sue on a contract that affirmatively excludes third parties from the contract's benefits" and collecting cases).

Plaintiffs argue that Gorsuch Cooper is an "assignee" not subject to the exclusion in § 7.6.  Section 7.6, however, only entitles "*permitted* successors and assigns" to enforce the Agreement, Docket No. 9-3 at 15, § 7.6 (emphasis added), and § 7.4 provides that Gorsuch, Ltd. "may not assign or transfer its interests or rights [under the Agreement] without [Wells Fargo's] prior written consent."  Docket No. 9-3 at 14, § 7.4.  While plaintiffs allege that Wells Fargo was "fully aware" that Gorsuch assigned to Gorsuch Cooper its rights in a property purchased with proceeds from a January 7, 2004 Credit Agreement, Docket No. 9 at 4, ¶ 29, plaintiffs do not allege that Gorsuch ever received permission, or even attempted, to assign any rights under that or any other credit agreement.

The Court, therefore, finds that plaintiffs have failed to state a viable third party beneficiary claim against defendant.  *See The Arc of the Pikes Peak Region v. National Mentor Holdings, Inc.*, No. 10-cv-01144-REB-BNB, 2011 WL 1047081, at *5 (D. Colo. March 18, 2011) (dismissing third party beneficiary claims in light of contractual provisions "provid[ing] explicitly that third parties . . . are not entitled to enforce the provisions of the contract").  The dismissal of the second claim for relief moots the Third

Party Beneficiary Plaintiffs' Motion for Partial Summary Judgment Re: Breach of Contract [Docket No. 28] and the motion for leave to file a surreply to defendant's motion to dismiss [Docket No. 30] as the proposed surreply addresses an issue related only to defendant's alternative arbitration argument.

### B.  Motion to Compel Arbitration

In light of the foregoing, the only remaining claims in this case are brought by Gorsuch, Ltd. against defendant.  Defendant seeks to compel arbitration of those claims pursuant to § 7.11 of the October 2008 Credit Agreement, whereby the parties agreed "to submit to binding arbitration all claims, disputes and controversies between or among them" relating to the Credit Agreement.  Docket No. 9-3 at 15, § 7.11(a). Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Gorsuch concedes that § 7.11 requires arbitration of its claims against defendant. Gorsuch, however, seeks to have the arbitration "stayed pending resolution of the claims being litigated in this Court between Wells Fargo and the other Gorsuch Plaintiffs."  Docket No. 21 at 2, ¶ 8; *see* Docket No. 22 ("Motion to Stay Arbitration Proceeding Between Gorsuch, Ltd. and Wells Fargo National Bank Association"). Because those third party beneficiary claims will be dismissed for the reasons stated above, plaintiffs' request to delay the arbitration of Gorsuch's claims is now moot.

Therefore, the Court will grant defendant's motion to compel arbitration and to stay this action.[5]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Dismiss Plaintiffs' Second Claim for Relief as Amended Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 14] is GRANTED. Plaintiffs' second claim for relief is dismissed. Plaintiffs Gorsuch Ltd., B.C.; Gorsuch, Limited at Aspen; Gorsuch, Limited at Keystone Mountain; and Gorsuch Cooper, LLC are dismissed from this case. It is further

**ORDERED** that plaintiffs' Motion to Stay Arbitration Proceeding Between Gorsuch, Ltd. and Wells Fargo National Bank Association [Docket No. 22], the Third Party Beneficiary Plaintiffs' Motion for Partial Summary Judgment Re: Breach of Contract [Docket No. 28], and plaintiffs' motion for leave to file a surreply [Docket No. 30] are DENIED as moot. It is further

**ORDERED** that defendant's Motion to Compel Arbitration as to Amended Claims Asserted by Plaintiff Gorsuch, Ltd. and to Stay Further Proceedings as to Such Claims [Docket No. 15] is GRANTED. It is further

**ORDERED** that this case is STAYED and the parties shall proceed with arbitration in accordance with the arbitration agreement. It is further

**ORDERED** that this case shall be administratively closed, pursuant to

---

[5]Defendant also requests "the costs and expenses it has incurred in the filing of this Motion to Compel Arbitration" pursuant to § 7.11(b) of the Credit Agreement. *See* Docket No. 15 at 3. The Court will not address this request until such time as defendant complies with D.C.COLO.LCivR 54.3.

D.C.COLO.LCivR 41.2.  If no action is taken to reopen this case before December 1, 2012, the case will be dismissed without prejudice without any further notice to either party.

DATED November 17, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
