IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00970-PAB-MEH

GORSUCH, LTD., a Colorado corporation,
GORSUCH LTD., B.C., a Colorado corporation,
GORSUCH, LIMITED AT ASPEN, a Colorado corporation,
GORSUCH, LIMITED AT KEYSTONE MOUNTAIN, a Colorado corporation, and
GORSUCH COOPER, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

WELLS FARGO NATIONAL BANK ASSOCIATION,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Reconsider December 3, 2012 Order Dismissing Case Without Prejudice [Docket No. 57] and the Motion for Extension of Time to File Motion to Reopen Case Pursuant to Local Rule 41.2 [Docket No. 58] filed by plaintiffs on December 3, 2012.

**I. BACKGROUND**

On November 17, 2011, the Court issued an Order [Docket No. 46] administratively closing this case pursuant to D.C.COLO.LCivR 41.2 so the parties could pursue arbitration. The Order provided that the matter would be dismissed without prejudice in the absence of a request to reopen the case on or before December 1, 2012. On November 26, 2012, the arbitration panel issued plaintiffs an interim award of $1,916,431. Docket No. 60-1 at 12. The panel granted plaintiffs until

December 10, 2012 to file a bill of costs. *Id*. On December 3, 2012, having received no motion to reopen, the Court issued an Order [Docket No. 56] dismissing the case. Later the same day, plaintiffs filed the two motions currently before the Court. In these motions, plaintiffs request that the Court vacate its dismissal and grant plaintiffs an extension of time to file a motion to reopen the case. Docket No. 57 at 3.

## II. DISCUSSION

Plaintiffs seek leave to reopen the case on two grounds. First, they argue they are entitled to confirm the arbitration award in Court pursuant to the Federal Arbitration Act. Docket No. 57 at 2, ¶ 10; *see* 9 U.S.C. § 9. Second, they argue that they wish to assert third-party claims. Docket No. 57 at 2-3, ¶ 11. In addition, they assert that an extension of time is appropriate because, as of December 1, 2012, no final arbitration award had been issued. Docket No. 57 at 2, ¶¶ 3-4.

With respect to the timing of the motions, plaintiffs acknowledge that the Court's Order "did require action *before* December 1, 2012," Docket No. 61 at 4, ¶ 12 (emphasis in original),[1] but state that they did not properly calendar this information and therefore believed that the motion to reopen was not due until December 3, 2012, the first Monday following December 1, which was a Saturday. Docket No. 61 at 4-5, ¶¶ 12-15. Plaintiffs ask that the Court exercise its discretion to grant their motions despite the late filing. *Id*.

Section 9 of Title 9 provides that:

---

[1] Pursuant to the Court's Practice Standards, "[a]ny motion for extension of time shall be filed no later than **three** business days before the date the motion, response, reply, or other paper is due." Practice Standards (Civil cases), Judge Philip A. Brimmer § I.G.2 (emphasis in original).

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such order . . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

*See also P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) ("a district court has no power to confirm an arbitration award under § 9 of the FAA unless the parties have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation"); *see also Will v. Parsons Evergreene, LLC*, No. 08-cv-00898-DME-CBS, 2011 WL 2792398, at *1 (D. Colo. July 15, 2011) (finding good cause to reopen a case to confirm an arbitration award).

In this case, the parties' arbitration agreement states that "[j]udgment upon any award rendered in an arbitration may be entered in any court having jurisdiction." Credit Agreement [Docket No. 1-2] at 12, § 7.11(b).  Thus, the parties anticipated that a district court could confirm an arbitration award.  The defendant's concern about plaintiffs using the Court's confirmation of the arbitration award and the reopening of the case to improperly assert third party beneficiary claims can be dealt with upon a motion to file any such claims.

Good cause appearing, it is

**ORDERED** that the Motion to Reconsider December 3, 2012 Order Dismissing Case Without Prejudice [Docket No. 57] is GRANTED.  It is further

**ORDERED** that the December 3, 2012, Order [Docket No. 56] dismissing the case is VACATED.  It is further

**ORDERED** that the Motion for Extension of Time to File Motion to Reopen Case Pursuant to Local Rule 41.2 [Docket No. 58] is GRANTED. It is further

**ORDERED** that plaintiffs shall file any motion to reopen the case by or before **Friday, April 5, 2013**.

DATED March 14, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge