IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00970-PAB-MEH

GORSUCH, LTD., a Colorado corporation,
GORSUCH LTD., B.C., a Colorado corporation,
GORSUCH, LIMITED AT ASPEN, a Colorado corporation,
GORSUCH, LIMITED AT KEYSTONE MOUNTAIN, a Colorado corporation, and
GORSUCH COOPER, LLC, a Colorado limited liability company,

    Plaintiffs,
v.

WELLS FARGO NATIONAL BANK ASSOCIATION,

    Defendant.

## ORDER

This matter is before the Court on Plaintiffs' Motion to Reopen Case Pursuant to Court's March 14, 2013 Order [Docket No. 64] filed on April 1, 2013.

## I. BACKGROUND

On November 17, 2011, the Court issued an Order [Docket No. 46] administratively closing this case pursuant to D.C.COLO.LCivR 41.2 so the parties could pursue arbitration. The Order provided that the matter would be dismissed without prejudice in the absence of a request to reopen the case on or before December 1, 2012. On November 26, 2012, the arbitration panel issued plaintiffs an interim award of $1,916,431. Docket No. 60-1 at 12. The panel granted plaintiffs until December 10, 2012 to file a bill of costs. *Id*. On December 3, 2012, having received no motion to reopen, the Court issued an Order [Docket No. 56] dismissing the case.

Later the same day, plaintiffs filed a Motion to Reconsider December 3, 2012 Order Dismissing Case Without Prejudice [Docket No. 57] and a Motion for Extension of Time to File Motion to Reopen Case Pursuant to Local Rule 41.2 [Docket No. 58].  In these motions, plaintiffs requested that the Court vacate its dismissal and grant plaintiffs an extension of time to file a motion to reopen the case.  Docket No. 57 at 3.  The Court granted these motions on March 14, 2013, and allowed plaintiffs until April 5, 2013 to file their motion to reopen the case.  Docket No. 63.  On April 1, 2013, plaintiffs filed the instant motion requesting that the Court reopen this case.  Docket No. 64.

On April 18, 2013,[1] the arbitration panel issued plaintiffs a final award of $2,186,752.80 and taxable costs in the amount of $270,321.89.  Docket No. 66-3 at 2; Docket No. 66-1 at 6.  On April 25, 2013, defendant paid plaintiffs $2,270,340.85. Docket No. 67 at 2-3 n.1.  On April 29, 2013, plaintiffs filed a motion before the arbitration panel to amend the award of costs to include fees for the cost hearing and to make the final award nunc pro tunc to October 9, 2012.  Docket No. 67-2.

## II. DISCUSSION

Plaintiffs seek leave to reopen the case on two grounds.  First, they argue they are entitled to confirm the arbitration award in Court pursuant to the Federal Arbitration Act ("FAA").  Docket No. 64 at 2-3, ¶¶ 10-12; *see* 9 U.S.C. § 9.  Second, they state that they intend to seek leave to assert third-party beneficiary claims against defendant. Docket No. 64 at 3, ¶ 13. Defendant opposes the motion to reopen the case on the ground that confirming the award is unnecessary as defendant "has repeatedly

---

[1] The award incorrectly lists the date it was issued as August 18, 2013.  Docket No. 66-3 at 2.

informed Plaintiffs' counsel that [defendant] intends to pay the Arbitration Award once the disputed issue of costs [is] resolved." Docket No. 66 at 2, ¶ 4. Defendant further argues that confirming the arbitration award is a pretext for attempting to reassert third-party beneficiary claims, which, defendant asserts, are barred by the preclusion doctrines–law of the case, res judicata, and collateral estoppel. Docket No. 66 at 2, ¶ 7.

> As the Court explained in its March 14, 2013 Order, § 9 of the FAA provides that:
>
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order . . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9; *see also P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) ("a district court has no power to confirm an arbitration award under § 9 of the FAA unless the parties have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation"); *see also Will v. Parsons Evergreene, LLC*, No. 08-cv-00898-DME-CBS, 2011 WL 2792398, at *1 (D. Colo. July 15, 2011) (finding good cause to reopen a case to confirm an arbitration award).

In this case, the parties' arbitration agreement states that "[j]udgment upon any award rendered in an arbitration may be entered in any court having jurisdiction." Credit Agreement [Docket No. 1-2] at 12, § 7.11(b). Thus, the parties anticipated that a district court could confirm an arbitration award. This is a sufficient basis for finding good cause to reopen the case. *See P&P Indus.*, 179 F.3d at 866. The viability of

plaintiffs' third-party claims is not properly before the Court on plaintiffs' motion to reopen and will not be addressed until such time as plaintiffs file a motion to assert these claims.

Good cause appearing, it is

**ORDERED** that Plaintiffs' Motion to Reopen Case Pursuant to Court's March 14, 2013 Order [Docket No. 63] [Docket No. 64] filed by plaintiffs Gorsuch Ltd., Gorsuch, Ltd., B.C., Gorsuch, Limited at Aspen, Gorsuch Limited at Keystone Mountain, and Gorsuch Cooper, LLC is GRANTED.  It is further

**ORDERED** that this case is reopened.


DATED May 8, 2013.

                                        BY THE COURT:


                                         s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge