IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00970-PAB-MEH

GORSUCH, LTD., a Colorado corporation,

      Plaintiff,

v.

WELLS FARGO NATIONAL BANK ASSOCIATION,

      Defendant.

---

**ORDER**

---

      This matter is before the Court on the Amended Motion to Confirm Arbitration Award [Docket No. 76] filed by plaintiff Gorsuch, Ltd. ("Gorsuch") on July 10, 2013. Gorsuch requests that the Court confirm the Final Award of Arbitration Panel [Docket No. 76-2] issued on April 18, 2013[1] and the Final Order of Arbitration Panel [Docket No. 76-3] issued on June 26, 2013. The arbitration panel awarded Gorsuch damages and costs in the amount of $2,186,752.80, Docket No. 76-2 at 3, as well as administrative fees and expenses, including compensation for the arbitrator, in the amount of $10,550. Docket No. 76-3 at 3. Defendant Wells Fargo National Bank Association ("Wells Fargo") objects to the relief requested on the basis that it has already paid Gorsuch the full amount awarded by the arbitration panel. Docket No. 79 at 1, ¶ 2; *see also* Docket No. 85 at 2, ¶ 5). Gorsuch contends that Wells Fargo's payment does not alter

---

[1]The award incorrectly lists the date it was issued as August 18, 2013. Docket No. 66-3 at 2.

Gorsuch's right to a confirmation of the award.  Docket No. 85 at 2, ¶ 5.

Section 9 of the Federal Arbitration Act provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9; *see P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) ("a district court has no power to confirm an arbitration award under § 9 of the FAA unless the parties have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation"); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'  There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").  The parties' agreement in this case anticipated judicial confirmation of an award.  Docket No. 1-2 at 12, § 7.11(b) ("Judgment upon any award rendered in an arbitration may be entered in any court having jurisdiction . . . .").

Courts disagree as to whether they may confirm an arbitration award when the party opposing confirmation has already complied with the award in full.  As the District Court for the Western District of Pennsylvania explained,

> Some federal courts have held that "there must be some type of controversy necessitating judicial enforcement of an [arbitral] award in order to justify its confirmation by court order."  *Local 2412* [sic] *of the United Mine Workers of*

*America v. Consolidation Coal Co.*, 682 F. Supp. 399, 400 (S.D.Ill. 1988). Courts adhering to that view generally focus on the enforcement or implementation of an arbitral award rather than on the underlying dispute resolved by that award. *Derwin v. General Dynamics Corp.*, 719 F. 2d 484, 491 (1st Cir. 1983) ("The present case involves no such 'new dispute' to be distinguished (or not distinguished) from the one resolved by the arbitrator."); *Steris Corp. v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America*, 489 F. Supp. 2d 501, 515 (W.D.Pa. 2007) (following "decisions from several jurisdictions holding that confirmation is improper in the absence of any actual controversy regarding the validity of an award or compliance with it").  Other federal courts have concluded that an order confirming an arbitral award may be entered even when there is no "occasion warranting enforcement." *Insurdata Marketing Services, LLC v. Healthplan Services, Inc.*, 352 F. Supp. 2d 1252, 1255 (M.D.Fla. 2005).  Courts taking the latter position tend to focus on the underlying controversy resolved by an arbitral decision rather than on the parties' compliance with the decision itself. *Zeiler v. Deitsch*, 500 F. 3d 157, 169 (2d Cir. 2007).  Even fully satisfied monetary awards have been confirmed by federal courts. *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005) ("The mere fact that Horton has satisfied a portion of its obligation under the arbitration award does not divest the court of authority to confirm that portion of the award—satisfaction and confirmation are separate issues."); *District Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) (stating that whether arbitral awards have been satisfied "has no bearing on whether [they] should be confirmed").

*Ameriprise Bank, FSB v. PNC Bank, Nat'l Ass'n*, 2012 WL 5906400, at *7 (W.D. Pa. Nov. 26, 2012).  Another court in this district recently confirmed an arbitration award, despite the opposing party's compliance with the award, on the grounds that confirmation of the award did not implicate the question of compliance and that there was no basis under the FAA for vacating, modifying, or correcting the award. *Will v. Parsons Evergreene, LLC*, No. 08-cv-00898-DME-CBS, 2011 WL 2792398, at *1 (D. Colo. July 15, 2011).

Wells Fargo relies on *Local 2414* and *Derwin* for the proposition that the "request to confirm the award in the absence of any dispute is unwarranted, impermissible, and

3

moot." Docket No. 79 at 3, ¶ 5. However, the cited cases turn in large part on the specific policy concerns inherent in labor disputes and the importance of resolving such disputes through arbitration. *See Local 2414*, 682 F. Supp. at 400 ("to confirm these awards in the absence of any concrete dispute would merely serve to circumvent Congress' goal of eliminating the cost and complexity of litigation from labor disputes"); *Derwin*, 719 F.2d at 490-91 ("Ordinarily, disputes involving the meaning and application of prior arbitral labor awards are themselves proper subject for arbitration. If judicial confirmation is granted, General Dynamics believes the union will come to court later with a host of grievances involving off-the-job passes, presenting the incidents as acts of contempt in violation of the order of confirmation. The company fears that this procedure will cause the court to lose its bearings and begin adjudicating disputes which should be handled through the contract grievance process. The company is clearly correct that where the parties have agreed to arbitrate disputes over the meaning of their collective bargaining agreements, established labor policy significantly restricts the role of the federal courts."). Concerns pertaining to dispute resolution in the context of organized labor are not relevant to the matter at hand.

Rather, the Court is bound by the plain language of the FAA, which mandates confirmation of an award "unless the award is vacated, modified or corrected." 9 U.S.C. § 9. Neither party argues that the award should be altered in any way. *See generally* Docket Nos. 76, 79, and 85. Furthermore, the Court finds persuasive those cases treating confirmation of an award as a summary proceeding separate and distinct from an action to enforce the award. *See Zeiler*, 500 F.3d at 169 ("A district court confirming an arbitration award does little more than give the award the force of a court order. At

4

the confirmation stage, the court is not required to consider the subsequent question of compliance."); *see also Mikelson v. United Servs. Auto. Ass'n*, 227 P.3d 559, 565 (Hawai'i App. 2010) (citing *Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) (granting petition to confirm arbitration award despite defendant's argument that it was in compliance with award)); *Will*, 2011 WL 2792398, at *1 (absent grounds for modification, correction, or vacatur, court had to confirm arbitration award "even though Parsons does not dispute the award and has complied with it.").

As the parties' agreement grants the Court power to confirm the arbitration award, *see P&P Indus.*, 179 F.3d at 866, and as there is no dispute regarding the propriety of the award, it is

**ORDERED** that the Amended Motion to Confirm Arbitration Award [Docket No. 76] filed by plaintiff Gorsuch, Ltd. is GRANTED.  It is further

**ORDERED** that the Final Award of Arbitration Panel, executed on April 18, 2013, and attached hereto as Exhibit A, is CONFIRMED.  It is further

**ORDERED** that the Final Order of Arbitration Panel, executed on June 26, 2013, and attached hereto as Exhibit B, is CONFIRMED.  It is further

**ORDERED** that, in compliance with 9 U.S.C. § 13, plaintiff Gorsuch, Ltd. shall file the following papers with the Clerk of Court:

(a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award;

(b) The award; and

(c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

DATED August 21, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

American Arbitration Association
6795 North Palm Avenue, 2nd Floor
Fresno, CA 93794

---

Claimants:

GORSUCH, LTD., a Colorado corporation;
GORSUCH, LTD, BC, a Colorado corporation;
GORSUCH, LIMITED AT ASPEN; a
Colorado corporation;
GORSUCH LIMITED AT KEYSTONE
MOUNTAIN, a Colorado corporation;         Case No. 77 148 Y 00017 12
GORSUCH COOPER, LLC, a Colorado
limited liability company,

-vs.-

Respondent:

WELLS FARGO NATIONAL BANK
ASSOCIATION.

---

## FINAL AWARD OF ARBITRATION PANEL

---

THIS MATTER comes before the Arbitration Panel for issuance of a Final Award. The

Arbitration Panel issued an Interim Award on November 26, 2012. The Arbitration Panel found in

favor of Claimant Gorsuch, Ltd. and awarded damages in the amount of $1,916,431.00. The Interim

Award is hereby incorporated by reference into this Final Award.

The Arbitration Panel has denied Claimant's motion for reconsideration in a separate order

dated April 18, 2013. In addition, the Arbitration Panel has by separate order issued on April 18,

2013 assessed costs in favor of Claimant Gorsuch, Ltd. and against Respondent Wells Fargo

National Bank Association in the amount of $270,321.89. These two orders are also incorporated

by reference into this Final Award.



## FINAL AWARD

The Arbitration Panel does hereby find in favor of Claimant Gorsuch, Ltd. and against Respondent Wells Fargo National Bank and awards damages and costs against Respondent in the amount of $2,186,752.80.

SIGNED this 18th day of August, 2013.

FOR THE ARBITRATION PANEL:

Richard M. Borchers
Chairman

Howard Kirshbaum
Arbitrator

Harlan Bockman
Arbitrator

2

American Arbitration Association
6795 North Palm Avenue, 2nd Floor
Fresno, CA 93794

---

Claimants:

GORSUCH, LTD, a Colorado corporation;
GORSUCH, LTD, BC, a Colorado corporation;
GORSUCH, LIMITED AT ASPEN; a
Colorado corporation;
GORSUCH LIMITED AT KEYSTONE
MOUNTAIN, a Colorado corporation;          Case No. 77 148 Y 00017 12
GORSUCH COOPER, LLC, a Colorado
limited liability company,

-vs.-

Respondent:

WELLS FARGO NATIONAL BANK
ASSOCIATION.

---

## FINAL ORDER OF ARBITRATION PANEL

THIS MATTER comes before the Arbitration Panel on the motion of Gorsuch, Ltd. to correct or modify final award and to make the final award *nunc pro tunc* to October 9, 2012. Having reviewed the pleadings, the Panel enters the following order. The Panel considers this to be the final order herein.

The Arbitration Panel finds that Claimant Gorsuch, Ltd. is entitled to an additional $10,550 for the deposit required by the American Arbitration Association for arbitrators' compensation. The Association has advised the Panel that funds are on deposit that will exceed any administrative costs and arbitrators' fees. Questions about the return of any unused deposits are between AAA and the parties.



The Arbitration Panel has considered the request of Claimant Gorsuch, Ltd. to make this order *nunc pro tunc* to October 9, 2012. The Panel finds no basis for granting such request. That part of Claimant's motion is denied.

The Panel considers this to be the final order herein. Any arbitrator compensation and any additional administrative fees and expenses associated with the resolution of Claimant Gorsuch, Ltd.'s motion shall be borne by Respondent.

IT IS HEREBY ORDERED that Respondent shall pay to Claimant Gorsuch, Ltd. the additional sum of $10,550.00.

IT IS FURTHER ORDERED that Claimant Gorsuch, Ltd.'s motion to make the final award *nunc pro tunc* to October 9, 2012 is denied.

IT IS FURTHER ORDERED that additional administrative fees and expenses due to the American Arbitration Association shall be borne by Respondent.

IT IS FURTHER ORDERED that final compensation and expenses due to the arbitrators in this matter shall be borne by Respondent.

IT IS FURTHER ORDERED that, absent extraordinary circumstances, no additional requests for costs or attorney fees shall be filed.

SIGNED this 26th day of June, 2013.

FOR THE ARBITRATION PANEL:

*/s/ Richard M. Borchers*

Richard M. Borchers
Chairman

2

*/s/ Howard Kirshbaum*

_____

Howard Kirshbaum
Arbitrator


*/s/ Harlan Bockman*

_____

Harlan Bockman
Arbitrator

3