IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  11-cv-00970-PAB-MEH

GORSUCH, LTD., a Colorado corporation,

     Plaintiff,

v.

WELLS FARGO NATIONAL BANK ASSOCIATION,

     Defendant.

---

## ORDER

---

     This matter is before the Court on the Recommendation of United States

Magistrate Judge [Docket No. 95] (the "Recommendation") and the Objection to

Courtroom/Minute Order [Docket No. 92] Filed September 5, 2013, Denying Plaintiffs'

Motion to Correct Minute Order [Docket No. 90] [Docket No. 96].  The magistrate judge

recommends denying the Motion for Leave to File Third Amended Complaint [Docket

No. 71].  On September 30, 2013, Gorsuch[1] filed timely objections [Docket No. 98] to

---

[1]For the purpose of this motion, the Court will refer to Gorsuch, Ltd., B.C.; Gorsuch, Limited at Aspen; Gorsuch Cooper, LLC; and Gorsuch, Limited at Keystone Mountain (the "Gorsuch Affiliates") together with Gorsuch, Ltd. collectively as "Gorsuch."

     On September 19, 2013, Gorsuch filed an Objection to Courtroom/Minute Order [Docket No. 92] Filed September 5, 2013, Denying Plaintiffs' Motion to Correct Minute Order [Docket No. 90], arguing that the Gorsuch Affiliates are still parties because the Court's November 17, 2011 Order dismissing them was interlocutory and thus "subject to revision at any time before the entry of a final judgment."  Docket No. 96 at 9, ¶ 32. This objection and the argument it is based on are frivolous.  Federal Rule of Civil Procedure 54(b) governs the standard for revising a court's prior order; it does not prevent orders from taking effect until final judgment is entered.  *See* Charles Alan

the Recommendation.  Therefore, the Court will "determine de novo any part of the

magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3).

**I. ANALYSIS**

The magistrate judge recommends denying Gorsuch's motion for leave to file an

amended complaint because it was not filed until after the deadline for amending the

pleadings had passed and Gorsuch has not demonstrated good cause for amending

the Scheduling Order under Federal Rule of Civil Procedure 16(b).  Docket No. 95 at 6-

9.  As is relevant to this Order, Gorsuch objects on the grounds that the economic loss

doctrine barred the assertion of tort claims prior to the Court's dismissal of the third-

party contract claims on November 17, 2011.  Docket No. 98 at 7-10.

In the operative Amended Complaint and Jury Demand, filed on May 10, 2011,

---

Wright et al., 10 Fed. Prac. & Proc. Civ., § 2654 (3d ed.) ("The basic purpose of Rule
54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly
separate claim or as to fewer than all of the parties until the final adjudication of the
entire case by making an immediate appeal available.").  Were Gorsuch correct,
litigation at the district court level would revert to chaos since an order dismissing a
claim or party would not have any limiting effect on discovery rights or the ability to
assert claims or file motions until final judgment had entered.  Moreover, given that
Gorsuch has not moved for reconsideration of the Court's November 17, 2011 Order,
there is no basis for finding that the Gorsuch Affiliates are parties to the case,
notwithstanding erroneous subsequent references to "plaintiffs" and the continued use
of the initial caption.  *See, e.g.*, *Gaines v. Neven*, 2013 WL 498990, at *2 (D. Nev. Feb.
7, 2013) (continued use of original caption despite change in parties did not render
pleadings subject to dismissal or alter the court's jurisdiction over proper parties).
Gorsuch also argues that, "[i]f they were non-parties to the case, they would have to be
re-joined so they would not be deprived of their appellate rights."  Docket No. 96 at 8-9,
¶ 30.  This statement is incorrect.  The Gorsuch Affiliates have the option of either
waiting to appeal until final judgment is entered or moving the Court for entry of final
judgment as to their claims at an earlier date.  *See* Fed. R. Civ. P. 58(d); *see also* Fed.
R. App. P. 4(a)(7).

Gorsuch alleged that defendant Wells Fargo National Bank Association ("Wells Fargo") breached its October 31, 2008 Credit Agreement with Gorsuch, Ltd. by suspending Gorsuch, Ltd.'s revolving line of credit on January 23, 2009 in the absence of a default or breach on the part of Gorsuch, Ltd.  Docket No. 9 at 19-20, ¶ 127-40.  Gorsuch also sought recovery on claims for fraudulent inducement and bad faith breach of contract. Docket No. 9 at 22-25.  The Gorsuch Affiliates sought relief as third-party beneficiaries of the 2008 Credit Agreement.  Docket No. 9 at 21-22-, ¶¶ 141-49.  On November 17, 2011, the Court dismissed the Gorsuch Affiliates' third-party beneficiary claims pursuant to Rule 12(b)(6) and dismissed the Gorsuch Affiliates from the case.  Docket No. 46 at 10.  In addition to dismissing the third-party claims, the Court administratively closed the case to permit the parties to pursue arbitration.  *Id.*

The deadline to amend the pleadings passed on July 12, 2011.  Docket No. 19 at 7.  Gorsuch did not move to amend the Scheduling Order before that date.  On December 16, 2011, Gorsuch filed a Motion for Leave to File Second Amended Complaint "to assert new facts obtained in discovery [pertaining to the third-party beneficiary claims] and to assert an additional alternative claim for reformation to conform the terms of the October 2008 Credit Agreement with the mutual intent of the parties."  Docket No. 47 at 1, ¶ 2.  The Court held the motion in abeyance and ultimately denied it without prejudice to refiling if the case were reopened.  Docket Nos. 49 and 55.

On July 10, 2013, Gorsuch filed a Motion for Leave to File Third Amended

Complaint[2] [Docket No. 71].  Gorsuch[3] seeks to amend the complaint to allege that

defendant intentionally interfered with the contractual rights and prospective business

advantage of Gorsuch, Limited at Aspen and Gorsuch Cooper, LLC by accelerating the

terms of the 2008 Credit Agreement in August 2009.  Docket No. 71 at 3, 5 ¶¶ 9, 23.

Gorsuch additionally seeks to allege that Gorsuch, Limited at Aspen and Gorsuch

Cooper, LLC are entitled to punitive or exemplary damages.  *Id*. at 5, ¶ 24.

When a party moves to amend its pleadings after the deadline to do so has

passed, Federal Rule of Civil Procedure 16(b)(4) is implicated.  It provides that a

"schedule may be modified only for good cause and with the judge's consent."  "[C]ourts

in this district have applied the framework articulated in *Pumpco, Inc. v. Schenker Int'l,*

*Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), to cases where the scheduling order

deadline has passed."  *Texas Instruments, Inc. v. BIAX Corp.*, No. 07-cv-02370-WDM-

MEH, 2009 WL 3158155, at *1 (D. Colo. Sep. 28, 2009) (citations omitted).  Under that

framework, plaintiff must "first demonstrate . . . that it has 'good cause' for seeking

---

[2]In light of the relevant procedural history, the magistrate judge correctly construed this as a motion to file a second amended complaint.  *See* Docket No. 95 at 5.

[3]Although the motion to amend was filed by all the Gorsuch entities, the Gorsuch Affiliates are non-parties who do not have standing to move to amend the complaint. *See Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 209 (4th Cir. 2006) ("these would-be plaintiffs, as nonparties, could not have moved to amend the plaintiffs' complaint and get the benefit of any relation back").  Plaintiff Gorsuch, Ltd., however, may move to amend the complaint to add new parties.  Nevertheless, as the magistrate judge explained, motions to amend to add new plaintiffs after the statute of limitations has run may be warranted, but only in a limited set of circumstances that do not pertain here.  *See* Docket No. 95 at 15-19 (citing *Metropolitan Paving Co., Inc. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, *cert. denied*, 404 U.S. 829 (1971) (permitting amendment to substitute real parties in interest)).

modification of the scheduling deadline ." *Pumpco*, 204 F.R.D. at 668 (quotations and citation omitted).  Good cause "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id*. (quotations and citation omitted).

It is undisputed that Gorsuch was aware of the conduct underlying the proposed tort claims at the time the initial complaint was filed.  Docket No. 95 at 8; *see* Docket No. 98 at 7-8, ¶ 30.  However, Gorsuch argues that there was good cause for waiting to assert the tort claims because, in the context of the third-party beneficiary claims, the Gorsuch Affiliates "would have been considered parties to the Credit Agreement between Gorsuch Ltd. and Wells Fargo" and the existence of the contract would have precluded the tort claims under the economic loss doctrine.  *Id*. at 7, ¶ 29.  Gorsuch further argues that, in light of the third-party beneficiary claims, counsel "could not have made the mandatory representation to this Court under Fed. R. Civ. P. 11(b)(2)." *Id*. at 8, ¶ 31.

The economic loss doctrine is a judicially-created rule under which "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc*., 573 F.3d 947, 962 (10th Cir. 2009) (citing *Town of Alma v. AZCO Constr., Inc*., 10 P.3d 1256, 1259-62 (Colo. 2000)).  A duty of care is considered independent of a contract when two conditions are satisfied: "[f]irst, the duty must arise from a source other than the relevant contract"; and "[s]econd, the duty must not be a duty also imposed by the contract." *Haynes Trane*, 573 F.3d at 962.  "[T]he economic loss rule has no

5

application where there exists an independent duty of care." *A.C. Excavating v. Yacht Club II Homeowners Ass'n, Inc.*, 114 P.3d 862, 867 (Colo. 2005).

The Colorado Supreme Court has identified three policy reasons to support the application of the economic loss rule between commercial parties: (1) maintaining the distinction between contract and tort law; (2) enforcing expectancy interests of the parties so that they can reliably allocate risks and costs during bargaining; and (3) encouraging parties to build cost considerations into contracts since they will not recover economic damages in tort. *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo. 2004).

Under Federal Rule of Civil Procedure 8, a "party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).

Contrary to Gorsuch's argument, inconsistent contract and tort claims may be pled in the alternative.  *See, e.g.*, *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, 935 F. Supp. 2d 1069, 1092 (D. Colo. 2013) ("it is also true that a party is permitted to pursue a claim for breach of contract and promissory estoppel in the alternative"); *Robert W. Thomas & Anne McDonald Thomas Revocable Trust v. Inland Pacific Colorado, LLC*, 11-cv-03333-WYD-KLM, 2012 WL 2190852, at *5 (D. Colo. June 14, 2012) (permitting plaintiff to plead breach of contract and unjust enrichment claims in the alternative); *GEA Power Cooling Systems, LLC v. Bechtel Power Corp.*, No. 09-cv-02051-RPM, 2010 WL 1241290, at *1 (D. Colo. Mar. 18, 2010) (holding that it would be "premature"

6

at pleading stage to dismiss plaintiff's conversion claim pursuant to economic loss rule); *see also Hughes v. TD Bank, N.A.*, 856 F. Supp. 2d 673, 680 n.4 (D.N.J. 2012) (holding that Fed. R. Civ. P. 8(d) "expressly provides" for pleading unjust enrichment and breach of contract theories in the alternative, "even if such theories are inconsistent"); *Bank of Am., N.A. v. FDIC*, 908 F. Supp. 2d 60, 108 (D.D.C. 2012) (declining to dismiss tort claims under economic loss doctrine where viability of plaintiff's alternative breach of contract theory was in dispute); *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 414 (S.D.N.Y. 2010) (permitting plaintiffs to proceed on alternative contract and tort theories).  Neither Federal Rule of Civil Procedure 8 nor 11 precluded Gorsuch from asserting inconsistent tort and contract theories in its initial complaint or in an amended complaint submitted in advance of the deadline to amend the pleadings.

On May 24, 2011, two months before the deadline to amend passed, defendant filed a motion to dismiss, in which it argued that the Gorsuch Affiliates were not third-party beneficiaries of the Credit Agreement.  Docket No. 14 at 3, ¶ 5.  The motion to dismiss put Gorsuch on notice that defendant disputed the status of the Gorsuch Affiliates as third-party beneficiaries of the Credit Agreement and thus that the Court might find that the contract did not govern the rights of the Gorsuch Affiliates. Gorsuch's awareness of this dispute renders inapposite its reliance on cases in which there was no dispute that the parties' relationship was governed by an express contract. *See* Docket No. 98 at 9-10, ¶ 40 (citing *Total Coverage, Inc. v. Cendant Settlement Servs. Grp.*, 252 F. App'x 123, 126 (9th Cir. 2007) ("Here, however, there is no dispute about the existence or validity of the express contract."), and *In re Motor Fuel*

*Temperature Sales Practices Litig.*, 2013 WL 3795206, at *21 (D. Kan. July 19, 2013) ("the parties seem to agree that retail motor fuel transactions constitute sales contracts")).[4]

Furthermore, even if a tort claim in a given case would be subject to dismissal upon a finding that it was based on the breach of a contractual provision as opposed to an independent duty of care, there is no support for the proposition that an attorney who pled such a claim in the face of a dispute regarding the validity or scope of the contract at issue would be subject to sanctions under Rule 11. Indeed, imposing sanctions in such a circumstance would undermine the "draftsmen of the federal rules [who] sought to liberate pleaders from the inhibiting requirement of the law's insistence on technical consistency." Charles Alan Wright et al., 5 Fed. Prac. & Proc. Civ. § 1283 (3d ed.) ("federal courts have permitted plaintiffs to sue on a contract theory and at the same time alternatively repudiate the agreement and seek recovery on a quantum meruit claim or allege fraud or some other tort theory").

In sum, the Court finds that Gorsuch, Ltd. has failed to demonstrate good cause for delaying the assertion of these claims until after the deadline set in the Scheduling Order. This conclusion is sufficient to support denial of the motion to amend. The Court need not address Gorsuch's remaining objections.

---

[4]The court in *In re Motor Fuel* discussed its earlier holding permitting plaintiffs to plead inconsistent tort and contract claims. 2013 WL 3795206, at *21 n.11. It explained that, during the intervening five years of litigation, it had become clear that the parties' relationship was governed by an express contract and thus that defendants were entitled to summary judgment on plaintiffs' unjust enrichment claim. *Id.*

## II.  CONCLUSION

For the foregoing reason, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 95] is ADOPTED.  It is further

**ORDERED** that the Motion for Leave to File Third Amended Complaint [Docket

No. 71] is DENIED.  It is further

**ORDERED** that the Objection to Courtroom/Minute Order [Docket No. 92] Filed

September 5, 2013, Denying Plaintiffs' Motion to Correct Minute Order [Docket No. 90]

[Docket No. 96] is OVERRULED.  It is further

**ORDERED** that this case is CLOSED.


DATED December 13, 2013.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge